**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Lawton Scott MOCK, Defendant-Appellant.**

**No. 78–2450.**

United States Court of Appeals, Fifth Circuit.

Oct. 9, 1979.

See also 5th Cir, 604 F.2d 341.

Arnold D. Levine, Tampa, Fla., for defendant-appellant.

Anthony J. LaSpada, Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before GOLDBERG, FAY and RUBIN, Circuit Judges.

FAY, Circuit Judge:

This case presents two related questions of appellate jurisdiction under 28 U.S.C. § 1291 (1976). Appellant Mock filed two notices of appeal from the government's prosecution and conviction of him for income tax violations, 26 U.S.C. §§ 7201, 7203 (1976). Both appeals raise the claim that the government was prohibited by collateral estoppel from introducing certain evidence at his trial. In this case, No. 78–2450, appellant appeals from the trial court's denial of his motion in limine to exclude evidence on the basis of collateral estoppel. In No. 78–5536, 604 F.2d 341, appellant appeals on the same basis from the trial court's final judgment of guilt based on a jury verdict. In No. 78–5536, we hold that the trial court erred in allowing the government to relitigate issues resolved against it in a prior prosecution and acquittal of appellant. In this case, we hold that we are without jurisdiction under 28 U.S.C. § 1291 (1976) to review the trial court's denial of appellant's motion to suppress evidence on the basis of collateral estoppel.

## I. THE FACTS

The facts of the case are fully recounted in No. 78–5536. We need not reiterate them here except insofar as they relate to our holding that this Court is without jurisdiction in this case. Appellant had formerly been acquitted of a one-count indictment charging him with conspiracy to import, possess, and distribute marijuana in the United States. In this trial for income tax evasion, appellant filed a motion in limine to suppress testimony of William Rand Kilgore, the primary witness at the conspiracy trial. Appellant's counsel argued that facts to which Kilgore would testify had been resolved to the contrary in the prior prose-

cution. After a pre-trial hearing on this motion, the trial court ruled that the collateral estoppel doctrine did not require suppression. Immediately following this ruling and prior to the trial on the merits, appellant filed notice of appeal. Appellant urged to the trial court that *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) required that the trial await a decision by this Court on the evidentiary question of whether or not the testimony was barred by collateral estoppel. The court proceeded with the trial, leaving the correctness of its ruling to be reviewed on appeal after the trial.

## II. THE ISSUE

Two questions are presented by these facts. First, was the denial of a motion in limine to suppress evidence on the basis of collateral estoppel reviewable under 28 U.S.C. § 1291 (1976) before a trial on the merits? Second, if we hold that the order denying the motion to suppress was not reviewable, did the notice of appeal nevertheless divest the district court of jurisdiction to proceed? We answer both questions in the negative.

According to our review of the cases and authorities, no other federal court has addressed the first question presented for review. The *Abney* case held that the denial of a motion to dismiss an indictment on double jeopardy grounds is an immediately appealable order under section 1291. The decision resolved an issue about which there had been serious disagreement. *Compare, e. g., United States v. Bailey,* 512 F.2d 833 (5th Cir. 1975) (not appealable) *with United States v. Beckerman,* 516 F.2d 905 (2d Cir. 1975) (appealable). There is a temptation to apply *Abney* to these facts by means of this simple syllogism: According to *Abney,* the denial of a motion based on double jeopardy is immediately appealable. *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) held that the collateral estoppel doctrine is part of, and mandated by, the double jeopardy clause in the Constitution; therefore, the denial of a motion based on collateral estoppel is immediately

appealable. For the reasons set out below, we resist the siren's call.

## III. THE LAW

In holding that the denial of a motion to dismiss based on double jeopardy is a "final decision" under section 1291, the Court in *Abney* applied the collateral order doctrine announced in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). While admonishing that "[a]ppeal gives the upper court a power of review, not one of intervention. . . .," *id.* at 546, 69 S.Ct. at 1225, the Court in *Cohen* recognized a "small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.*

In deciding whether *Abney* 's holding in the double jeopardy context should be extended to the related collateral estoppel area, it is important to take into consideration that collateral estoppel may operate in two distinct ways. First, collateral estoppel may completely bar a subsequent prosecution where, for instance, an earlier acquittal necessarily places the defendant away from the scene of the crime. *E. g., Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *United States v. Kramer,* 289 F.2d 909 (2d Cir. 1961). In these cases, the effect of the collateral estoppel doctrine is quite the same as the effect of double jeopardy proper.[1] Courts have extended *Abney* to this class of collateral estoppel cases and have held that criminal defendants are entitled under section 1291 to appeal district court orders denying motions to dismiss indictments and to bar prosecutions based on collateral estoppel. *E. g.,*

*United States v. Venable,* 585 F.2d 71 (3d Cir. 1978); *United States v. Parker,* 582 F.2d 953 (5th Cir. 1978); *United States v. Barket,* 530 F.2d 181 (5th Cir. 1975). In a second group of cases, although the subsequent prosecution may proceed, collateral estoppel operates to bar the introduction or argumentation of certain facts necessarily established in a prior proceeding. *E. g., Blackburn v. Cross,* 510 F.2d 1014 (5th Cir. 1975); *Wingate v. Wainwright,* 464 F.2d 209 (5th Cir. 1972). The instant case falls into this latter class. Where the effect of collateral estoppel is suppression of evidence and not a complete bar to the prosecution, it is unlike its progenitor, double jeopardy.[2] We think the distinction makes a difference for purposes of applying the collateral order doctrine.

In undertaking to apply *Abney* to these facts, where the effect of the defendant's successful collateral estoppel claim would be the suppression of evidence, the requirement of finality takes on added importance. As the Court recognized in *Abney,* "there has been a firm congressional policy against interlocutory or 'piecemeal' appeals and courts have consistently given effect to that policy." 431 U.S. at 656, 97 S.Ct. at 2039. The two cases cited by the Court for this proposition are *DiBella v. United States,* 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962) and *Cogen v. United States,* 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275 (1929). These two cases together stand for the proposition that criminal defendants may not take an immediate appeal from the denial of pre-trial motions to suppress evidence. Thus, realizing that the ruling from which appellant appeals in this case is the denial of a motion to suppress, we might approach the issue from another angle and inquire why it should make a difference for

---

1. We recognize that the collateral estoppel doctrine is part of the double jeopardy clause, but the terms are not interchangeable. Double jeopardy by definition includes collateral estoppel; collateral estoppel neither equates with, nor includes, double jeopardy.

2. In *United States v. Dunbar,* 591 F.2d 1190 (5th Cir. 1979), we held that once a defendant

raises the defense of double jeopardy, a trial court cannot "plow forward after a notice of appeal had been timely filed before trial commenced." *Id.* at 1194. In this case, appellant raised no double jeopardy defense. Thus, this case neatly raises the issue of the appealability of a collateral estoppel claim where no double jeopardy defense is made.

purposes of section 1291 that the basis for the suppression is collateral estoppel rather than the Fourth Amendment, as was the case in *DiBella* and *Cogen.* To put it another way, should the similarity between collateral estoppel and double jeopardy (and thus this case and *Abney*) lead us to rule that this decision is appealable? Or does the fact that the order below was merely a denial of a motion to suppress draw this case into the ambit of *Cogen* and *DiBella*? Having discussed the competing principles of finality under *DiBella* and *Cogen* and the limited class of cases where immediate review is necessary under *Abney* and *Cogen,* we proceed to apply to these facts the three criteria considered in *Abney.*

## IV. ABNEY EXTENDED? THE ENVELOPE, PLEASE

In *Abney,* the Court applied three factors from *Cogen* in determining whether the collateral order exception applied to double jeopardy claims:

> [T]he [Cogen] Court identified several factors which, in its view, rendered the District Court's order a "final decision" within the statute's meaning. First, the District Court's order had fully disposed of the question of the state security statute's applicability in federal court; in no sense, did it leave the matter "open, unfinished or inconclusive." *Ibid.* Second, the decision was not simply a "step toward final disposition of the merits of the case [which would] be merged in final judgment"; rather, it resolved an issue completely collateral to the cause of action asserted. *Ibid.* Finally, the decision had involved an important right which would be "lost, probably irreparably," if review had to await final judgment; hence, to be effective, appellate review in that special, limited setting had to be immediate.

431 U.S. at 658, 97 S.Ct. at 2040.

With respect to the first factor, whether the district court had fully disposed of the

question, the Court in *Abney* concluded that "[t]here are simply no further steps that can be taken in the District Court to avoid the trial the defendant maintains is barred by the Fifth Amendment's guarantee." *Id.* at 659, 97 S.Ct. at 2040. Similarly, where collateral estoppel is urged as a complete bar to the prosecution, as in *Ashe* or *Kramer,* the denial of a motion to dismiss is a "final rejection of a criminal defendant's . . . claim." 431 U.S. at 659, 97 S.Ct. at 2040. By contrast, the denial of motion to suppress evidence is not a criminal defendant's last or final chance to vindicate his collateral estoppel claim by excluding the evidence. Typically, the defendant again raises his objection to the assertedly barred evidence or argument at the time that it arises at trial. Trial judges and attorneys realize that questions of admissibility are more easily understood in the specific context in which they arise. As the Court stated in *DiBella,* "appellate intervention makes for truncated presentation of the issue of admissibility, because the legality of the search too often cannot truly be determined until the evidence at the trial has brought all circumstances to light." 369 U.S. at 129, 82 S.Ct. at 659; *cf. United States v. MacDonald,* 435 U.S. 850, 860, 98 S.Ct. 1547, 1552, 56 L.Ed.2d 18 (1978) (refusing to extend *Abney* to motion to dismiss on speedy trial ground; "it is only after trial that that claim may fairly be assessed"). Motions to suppress based on collateral estoppel are no different, and the instant case is an example. Not until after full examination of the record of appellant's tax evasion trial was it possible for this Court, in No. 78–5536, to conclude that appellant had not been afforded due protection of the collateral estoppel doctrine. Where the application of collateral estoppel determines the manner in which the trial will proceed, its reach and run should be charted with the aid of a complete record.[3]

---

**3.** The *Abney* rule of immediate appealability of denials of double jeopardy claims has necessitated the formulation of procedural rules to aid appellate courts in the difficult task of review based upon an incomplete record. *United*

*States v. Stricklin,* 591 F.2d 1112 (5th Cir. 1979); *United States v. Inmon,* 568 F.2d 326 (3d Cir. 1977). Absent reasons as compelling as those in *Abney,* we decline to extend the rule and unnecessarily multiply such problems.

Hence, we conclude that *Abney*'s first factor is not satisfied in this situation.

The second consideration discussed in *Abney* was whether the decision appealed from was "simply a 'step toward final disposition of the merits of the case . . ..'" 431 U.S. at 658, 97 S.Ct. at 2040 (quoting *Cogen*). The Court's discussion of this factor bears quotation since it underscores the distinction which we draw today:

> Moreover, the very nature of a double jeopardy claim is such that it is collateral to, and separable from, the principal issue at the accused's impending criminal trial, *i. e.,* whether or not the accused is guilty of the offense charged. In arguing that the Double Jeopardy Clause of the Fifth Amendment bars his prosecution, the defendant makes no challenge whatsoever to the merits of the charge against him. *Nor does he seek suppression of evidence which the Government plans to use in obtaining a conviction.* See *DiBella v. United States, supra; Cogen v. United States,* 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275 (1929). Rather, he is contesting the very authority of the Government to hale him into court to face trial on the charge against him.

431 U.S. at 659, 97 S.Ct. at 2040 (emphasis added).

Once again, this language may hold true to cases where collateral estoppel operates as a complete bar, *e. g., United States v. Parker,* 582 F.2d 953 (5th Cir. 1978); *United States v. Barket,* 530 F.2d 181 (8th Cir. 1975); but the Court in *Abney* recognized that immediate appeals from denials of motions to suppress raise serious implications for the orderly conduct of trials. Orders denying motions to suppress are not collateral to the merits; they are "but a step in the criminal case preliminary to the trial thereof." *Cogen v. United States,* 278 U.S. 221, 227, 49 S.Ct. 118, 120, 73 L.Ed. 275 (1929). This factor therefore points toward rejecting the notion of immediate review.

*Abney* 's final factor is whether an important right will be lost irreparably if review must await final judgment. Important to

the *Abney* Court's affirmative answer to this query was that "[t]he prohibition [double jeopardy] is not against being twice punished, but against being twice *put* in jeopardy . . .." *Price v. Georgia,* 398 U.S. 323, 326, 90 S.Ct. 1757, 1759, 26 L.Ed.2d 300 (1970) (emphasis in original). Collateral estoppel being an offshoot of double jeopardy, it must be admitted that their protective purposes are similar. *See Ashe v. Swenson,* 397 U.S. at 445 n. 10, 90 S.Ct. 1189, *United States v. Kramer,* 289 F.2d at 916. Where, however, collateral estoppel is being asserted only as a basis upon which to suppress evidence, it does not protect the defendant from being "put to risk;" the prosecution is not aborted, and he is protected only insofar as he does not have to relitigate factual issues on which he has already prevailed. Whether or not a defendant prevails on appeal, he must return to the district court for trial. Although we do not mean to minimize the importance of this protection for criminal defendants, it is not so pressing as to warrant the serious degree of intrusion into the trial process which would necessarily result from immediate appeals. While the courts have decided that the intrusion is warranted when the defendant asserts the right not to be brought to trial, in this context, the game is not worth the candle.

## V. EFFECT OF NOTICE ON APPEAL OF NONAPPEALABLE ORDER

We have concluded that appellant filed his notice of appeal from a nonappealable order. We now consider the effect of that notice of appeal on the district court's jurisdiction to proceed with the trial. This Court has recently decided the question:

> We are persuaded that filing a notice of appeal from a nonappealable order should not divest the district court of jurisdiction and that the reasoning of the cases that so hold is sound. The contrary rule leaves the court powerless to prevent intentional dilatory tactics, forecloses without remedy the nonappealing party's

right to continuing trial court jurisdiction, and inhibits the smooth and efficient functioning of the judicial process. *United States v. Hitchmon,* 602 F.2d 689 (5th Cir. 1979) (en banc), *vacating* 587 F.2d 1357. We heartily endorse the sound reasoning of Judge Roney, writing for the Court, *en banc,* and find it controlling in this case.

## VI. CONCLUSION

Today we decide that appellant had no right to appeal from the district court's order denying his motion to suppress based on the collateral estoppel doctrine. In addition, we apply *Hitchmon* and hold the notice of appeal had no effect on the trial court's jurisdiction to proceed with appellant's trial.

APPEAL DISMISSED.