**UNITED STATES of America**

v.

**Charles J. CARNEY, Appellant.**

**No. 81–1378.**

United States Court of Appeals,
District of Columbia Circuit.

June 29, 1981.

Certiorari Denied Nov. 30, 1981.
See 102 S.Ct. 636.

---

Before WRIGHT, McGOWAN and WIL-KEY, Circuit Judges.

### JUDGMENT

PER CURIAM.

This cause came on to be heard on the record on appeal from the United States District Court for the District of Columbia and was briefed and argued by counsel. The issues presented have been accorded full consideration by the court; they occasion no need for an opinion. *See* Local Rule 13(c).

Charles J. Carney appeals from three different rulings of the District Court. In our view, the ruling of the District Court denying appellant's pretrial motion to exclude from use at trial certain evidence purportedly covered by the Speech or Debate Clause is not a "final decision" for purposes of 28 U.S.C. § 1291 (1976), and it is therefore unappealable. *See Cogen v. United States*, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275 (1929); *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *United States v. Mock*, 604 F.2d 336, 340 (5th Cir. 1979). Similarly, the District Court's ruling denying appellant's motion to permit inspection of the grand jury minutes is unappealable at this juncture. *See In re Special March 1974 Grand Jury*, 541 F.2d 166 (7th Cir. 1976), *cert. denied*, 430 U.S. 929, 97 S.Ct. 1547, 51 L.Ed.2d 773 (1977); 9 J. Moore, Federal Practice ¶ 110.13[11] at 193 (2d ed. 1980). The third ruling of the District Court, denying Carney's motion to dismiss the grand jury indictment on Speech or Debate Clause grounds, is immediately appealable. *See Helstoski v. Meanor*, 442 U.S.

500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979). We hold, however, that the District Court's denial of this motion was proper. Even if it is true, as appellant claims, that some of the evidence presented to the grand jury violated the Speech or Debate Clause, dismissal of the grand jury indictment was not appropriate. *See United States v. Johnson*, 383 U.S. 169, 86 S.Ct. 749, 15 L.Ed.2d 681 (1966); *United States v. Myers*, 635 F:2d 932, 941 (2d Cir.), *cert. denied*, 449 U.S. 956, 101 S.Ct. 364, 66 L.Ed.2d 221 (1980); *United States v. Johnson*, 419 F.2d 56, 58 (4th Cir. 1969), *cert. denied*, 397 U.S. 1010, 90 S.Ct. 1235, 25 L.Ed.2d 423 (1970); *cf. United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974); *Costello v. United States*, 350 U.S. 359, 76 S.Ct. 62, 100 L.Ed. 755 (1956). *But see United States v. Helstoski*, 635 F.2d 200 (3d Cir. 1980). Rather, we think that only those parts of an indictment which are facially invalid should be dismissed on Speech or Debate Clause grounds. *See, e.g., United States v. Johnson, supra*, 383 U.S. 169, 86 S.Ct. 749, 15 L.Ed.2d 681. In the instant case, however, appellant does not challenge the facial validity of the one-count indictment.

On consideration of the foregoing, it is

ORDERED and ADJUDGED by this court that the portions of this appeal which challenge the District Court's rulings on the motion to exclude certain evidence from use at appellant's trial and the motion to permit inspection of grand jury minutes, being unappealable at this juncture, are hereby dismissed. It is

FURTHER ORDERED and ADJUDGED by this court that the ruling of the District Court which denied appellant's motion to dismiss the grand jury indictment is hereby affirmed.