986 F.2d 1425
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael GREENFIELD, John Baker, James Marren, Michael Smith,
and Michael Sidel, Defendants-Appellants.
 Nos. 92-1235, 93-1243, 92-1236, 93-1245 and 93-1242.
 United States Court of Appeals, Seventh Circuit.
 Feb. 22, 1993.
 
 Before CUMMINGS, POSNER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Defendants-Appellants Marren, Smith, Baker, Sidel, and Greenfield appeal a district court order denying their motions to stay trial proceedings pending appeal. Because we lack jurisdiction to hear defendants-appellants Marren, Smith, Baker, and Sidel's appeals, we deny their motions to stay and dismiss their appeals. Further, because we determine that defendant-appellant Greenfield's appeal is frivolous, we deny his motion to stay and summarily affirm the order of the district court.
 
 I. BACKGROUND
 
 2
 The defendants-appellants in the present appeals are the subjects of a pending superseding indictment that charges them with Racketeer Influenced and Corrupt Organizations Act ("RICO") violations, mail and wire fraud, and Commodities Exchange Act violations stemming from allegedly unlawful trading practices at the Chicago Mercantile Exchange Japanese Yen pit. The case was tried once before but ended in a mistrial when the jury acquitted the defendants on approximately 120 counts of the original indictment but failed to reach a verdict on the remaining 80 counts. Ruling on certain post-trial motions, Judge Hart held that the Double Jeopardy Clause did not preclude a retrial of the mistried counts, but did find that the doctrine of collateral estoppel prevented the Government from proving the acquitted charges as predicates on the surviving RICO counts. This court, on appeal by defendants Marren, Smith, Baker, and Sidel and the Government, affirmed the district court's order on October 1, 1992.[1] See United States v. Bailin, 977 F.2d 270 (7th Cir.1992).
 
 
 3
 On remand, Judge Hart scheduled the case for retrial on a revised indictment which specifically excluded the counts of acquittal charged as RICO predicate acts. Shortly thereafter, the Government moved for a pretrial ruling allowing it to admit certain evidence relating to the counts upon which the defendants had been acquitted, arguing that the acquitted conduct was probative of the charged conspiracy and fraud scheme. The defendants objected, claiming that the Government was estopped from admitting this evidence because of constitutional protections against double jeopardy. In a January 22, 1993 order, Judge Hart ruled that the Double Jeopardy Clause did not bar the admission of the evidence.[2] Following the issuance of the order the defendants filed notices of appeal and moved for a stay of the trial pending an interlocutory appeal. The district court denied the motion for stay, holding that the court's order allowing the evidence of acquitted acts was not appealable. Thereafter, the defendants filed in this court the present motions to stay trial pending appeal.
 
 II. ANALYSIS
 
 4
 In reviewing a motion for stay of proceedings pending appeal, a district court must consider (1) whether the appellant is likely to succeed on the merits, (2) whether the appellant has demonstrated future irreparable injury absent a stay, (3) whether a stay would substantially harm other parties to the litigation, and (4) whether a stay is in the public interest. See, e.g., Glick v. Koenig, 766 F.2d 265, 269 (7th Cir.1985); Adams v. Walker, 488 F.2d 1064, 1065 (7th Cir.1973). Our review of an order denying a motion to stay is one of substantial deference and a district court's order will only be overturned for an abuse of discretion. See Lawson Products, Inc. v. Avnet, Inc., 782 F.2d 1429, 1437 (7th Cir.1986). In the present case, the district court did not abuse its discretion in denying the defendants' motions for stay and therefore the defendants' motions are denied.
 
 
 5
 A. Defendants Marren, Smith, Baker, and Sidel
 
 
 6
 In denying defendants Marren, Smith, Baker, and Sidel's motions to stay, the district court found that its order granting the Government's motion to admit acquittal evidence was not immediately appealable on an interlocutory basis. The district court based this conclusion on a collection of twelve cases from several other circuits which interpreted the Supreme Court's decision in Abney v. United States, 431 U.S. 651 (1977).[3] In fact, every court that has addressed this issue has held that evidentiary orders that raise double jeopardy "concerns" are not immediately appealable.[4]
 
 
 7
 This in sharp contrast to district court orders that deny motions to dismiss a count or an indictment on the ground that the prosecutions subject the defendants to double jeopardy. See Abney, 431 U.S. at 656-62. In these situations, the orders satisfy the requirements for appealable collateral orders outlined in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). First, the orders conclusively resolve a disputed question--the issue of double jeopardy cannot be raised again. Second, the orders are not "steps" toward a final disposition of the merits; rather, the defendant objects to the Government's authority to prosecute him. And finally, the district courts' orders involve important rights that will be lost in the absence of an immediate appeal, i.e., the defendant's right not to be "put to risk." United States v. Mock, 604 F.2d 336, 340 (5th Cir.1979).
 
 
 8
 When a defendant merely objects to the admission of evidence, however, none of these requirements are met: (1) evidentiary objections can be raised in the future, (2) evidentiary objections are merely one aspect of an ongoing trial and are not collateral, and (3) evidentiary objections do not involve a right that will be lost absent appeal--regardless of the outcome of the objection, the defendant will nevertheless be "put to risk."[5] Consequently, evidentiary orders that raise double jeopardy concerns are not immediately appealable on an interlocutory basis. Because these orders are not appealable as interlocutory orders, the defendants in the present appeals are not "likely to succeed on the merits" and we therefore deny their motions to stay and dismiss their appeals for lack of jurisdiction.
 
 B. Defendant Greenfield
 
 9
 The situation presented by the remaining defendant Greenfield differs significantly from the one presented by his codefendants. Greenfield did not join his codefendants in objecting to the district court's order refusing to dismiss the pending counts on double jeopardy grounds. See United States v. Bailin, 977 F.2d 270 (7th Cir.1992). Rather, he raised this issue before the district court on remand. In a separate ruling, Judge Hart held that the jury's acquittal verdict on Count Two of the indictment did not bar a retrial on the remaining charges against Greenfield. Greenfield then appealed this order to this court and moved to stay trial pending appeal.
 
 
 10
 As discussed above, an order denying a motion to dismiss a count or an indictment on the grounds that it violates the protections of the Double Jeopardy Clause is immediately appealable under the collateral order doctrine. See, e.g., Abney, 431 U.S. at 656-62. Consequently, this court has jurisdiction over Greenfield's appeal. Nevertheless, because Greenfield's arguments are frivolous, the motion for stay should be denied and the order of the district court affirmed.
 
 
 11
 Count Two of the original indictment alleged a mail fraud scheme incorporated by reference into other mail fraud counts in the indictment. In addition, Count Two provided the sections of the Commodities Exchange Act that were allegedly violated. Finally, Count Two charged defendant Sidel with committing mail fraud through a particular transaction. Greenfield argues that the acquittal on Count Two bars the Government from prosecuting him on the remaining mistried counts (Commodities Exchange Act violations and mail and wire fraud violations). He maintains that by rendering an acquittal verdict on Count Two, the jury found that no scheme to defraud existed. Thus, claims Greenfield, he cannot be found guilty of having committed mail or wire fraud (a count which incorporated the scheme to defraud contained in Count Two).
 
 
 12
 The district court, in both its orders of January 22 and January 29, rejected this argument as "frivolous." United States v. Bailin, No. 89-CR-668, memorandum opinion and order at 3 (N.D.Ill. Jan. 22, 1993); United States v. Bailin, No. 89-CR-668, memorandum opinion and order at 9 (N.D.Ill. Jan. 29, 1993). Emphasizing that the jury's finding "could have been based on a finding that another element of mail fraud was missing for that particular mailing," the district court denied Greenfield's motion. United States v. Bailin, No. 89-CR-669, memorandum opinion and order at 3 (N.D.Ill. Jan. 22, 1993). The district court further noted that a scheme to defraud is not a necessary element of the two pending Commodities Exchange Act violations. Id. These district court findings are not plainly erroneous. It is apparent that an acquittal on Count Two is not a sufficient basis to apply double jeopardy to bar a retrial of Greenfield on the mistried counts. See United States v. Bailin, 977 F.2d 270, 278 (7th Cir.1992) ("the acquitted counts do not bar retrial on the mistried counts, they [only] bar relitigation of issues already resolved against the government"); see also Ashe v. Swenson, 397 U.S. 436, 445-46 (1970). In the present case, the government is not seeking to retry Greenfield on "issues already resolved against the government." Thus, Greenfield's arguments fail, and a stay is not necessary. Furthermore, an affirmance of the district court is appropriate.
 
 III. CONCLUSION
 
 13
 For the foregoing reasons, the motions for stay filed by defendants-appellants Marren, Smith, Baker, and Sidel are DENIED and their appeals DISMISSED for lack of jurisdiction. Furthermore, the motion for stay filed by defendant-appellant Greenfield is DENIED and the order of the district court AFFIRMED.
 
 
 
 [1]
 Defendant Greenfield did not join in this appeal
 
 
 [2]
 Defendant Greenfield, who did not join in the October 1, 1992 appeal challenging the district court's initial order, moved on remand to the district court to dismiss the counts against him on the grounds that retrial violated the Double Jeopardy Clause. In its order of January 22, 1993, the district court refused to dismiss the mistried counts against Greenfield, holding that no double jeopardy concerns existed
 
 
 [3]
 See United States v. Witten, 965 F.2d 774, 776 (9th Cir.1992); United States v. Levy, 803 F.2d 1390, 1399 n. 45 (5th Cir.1986); United States v. Hornung, 785 F.2d 868, 870 (10th Cir.1986); United States v. Tom, 787 F.2d 65, 69 (2d Cir.1985); United States v. Gulledge, 739 F.2d 582, 586-87 (11th Cir.1984); United States v. Mulhern, 710 F.2d 731, 740 n. 5 (11th Cir.1983), cert. denied, 464 U.S. 964 (1983), & cert. denied, 465 U.S. 1034 (1984); United States v. Head, 697 F.2d 1200, 1205 (4th Cir.1982), cert. denied, 462 U.S. 1132 (1983); United States v. Carney, 665 F.2d 1064, 1065 (D.C.Cir.), cert. denied, 454 U.S. 1081 (1981); United States v. Powell, 632 F.2d 754, 758 (9th Cir.1980); United States v. Lee, 622 F.2d 787, 791 (5th Cir.1980); United States v. Mock, 604 F.2d 336, 339-40 (5th Cir.1979); Reimnitz v. State's Attorney of Cook County, 596 F.Supp. 47, 59-61 (N.D.Ill.1984), aff'd, 761 F.2d 405 (7th Cir.1985)
 
 
 [4]
 Id
 
 
 [5]
 See supra note 3