**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Grover Lamar LEE, Defendant-Appellant.**

**No. 79–2952.**

United States Court of Appeals, Fifth Circuit.

July 30, 1980.

Eugene Loftin, Jacksonville, Fla. (Court-Appointed), for defendant-appellant.

Curtis S. Fallgatter, Asst. U.S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before COLEMAN, Chief Judge, RONEY and GARZA, Circuit Judges.

RONEY, Circuit Judge:

Grover Lamar Lee, an investigator for the public defender, was charged three times with criminal complicity in connection with a variety of crimes which grew out of the operations of Judge Sam Smith in the Third Judicial Circuit of Florida. At his first trial, Lee was acquitted on a substantive charge of marijuana possession, but found guilty of a conspiracy count. That conviction was reversed on appeal and remanded for retrial. In the meantime, Lee was acquitted in another trial on a racketeering conspiracy (RICO) charge. The Government proposes to retry Lee now on an indictment which superseded the one on which his prior conviction was reversed. Lee claims double jeopardy on collateral estoppel grounds. The case turns on whether conduct of which he was acquitted in the prior trials will be subject to further consideration for jeopardy purposes in the third trial. The district court decided that the prior juries did not necessarily resolve facts in Lee's favor which would require contrary determination for conviction here, and denied the motion to quash. On the interlocutory appeal from that denial, we affirm.

In April 1977, defendant Lee and three others, including former Judge Smith, were tried for conspiracy to distribute marijuana and possession of marijuana with intent to distribute. 21 U.S.C.A. §§ 841(a)(1) and 846. The indictment involved marijuana seized by the county sheriff. Two defendants were convicted, one acquitted, and defendant Lee was acquitted of the substantive offense but convicted for conspiracy. On appeal Lee's conviction was reversed and remanded for a new trial on the ground

that the instruction to the jurors failed to direct them to consider Lee's guilt individually. *United States v. Smith*, 588 F.2d 111, *modified*, 594 F.2d 1084 (5th Cir.1979).

Following that trial but before the reversal, Lee, along with Smith and seven other defendants, was indicted and tried for conspiracy to participate in racketeering activity in violation of 18 U.S.C.A. § 1962(c) (RICO). It was alleged that the defendants conspired to conduct the affairs of the Third Judicial Circuit of the State of Florida through a pattern of racketeering activity, the racketeering activity being the predicate crimes of bribery of public officials. The bribery racketeering activities were alleged to have occurred to obtain, facilitate or permit the continuation of criminal activities involving prostitution, dog fight gambling, obstruction of justice, and the unlawful distribution of seized marijuana. The indictment mentions Lee only in connection with an attempt to distribute seized marijuana. Smith and several others were convicted but defendant Lee was acquitted.

After the reversal of Lee's prior conviction, the Government filed a superseding indictment charging defendant with conspiracy to distribute marijuana. 21 U.S. C.A. § 846. Defendant's motion to dismiss on the grounds that any reprosecution was barred by the Double Jeopardy Clause was denied by the district court and defendant took this interlocutory appeal.

While this appeal was pending, the Government filed a second superseding indictment identical to the one-count indictment now before this Court, except that it added a second count alleging the use of a telephone to facilitate the commission of the conspiracy, in violation of 21 U.S.C.A. § 843(b). The Government then moved to dismiss the first superseding indictment, but the district court denied the motion on the ground that it lacked jurisdiction because an appeal was pending as to that indictment. We have before us only the one-count first superseding indictment and therefore have no occasion to consider any question relating to the telephone count in the second superseding indictment. The fil-

ing of the second superseding indictment, upon which the Government apparently intends to try defendant, does not moot this appeal because the first superseding indictment is presently still pending and because the conspiracy counts in the first and second superseding indictments are identical so that any decision here would control the disposition of a motion directed at the subsequent indictment. Following oral argument, the Government advised that should the Court determine defendant's retrial for conspiracy to distribute marijuana to be barred, it would not prosecute on either the conspiracy count or the telephone count in the last indictment.

Defendant does not contend that he is barred from prosecution because he has already been placed in jeopardy for the same offense. As he recognizes in his brief, this Court held in *United States v. Smith*, 574 F.2d 308 (5th Cir.1978), an interlocutory appeal by codefendant Smith prior to the RICO trial, that the crime of conspiracy to distribute marijuana for which Lee and Smith were prosecuted in the first trial is not the "same offense" as the RICO conspiracy charged in the second trial. Instead, defendant contends that his acquittal of possession of marijuana in the first trial and his acquittal of the RICO conspiracy in the second trial determined matters of fact in his favor so as to collaterally estop the Government from now proving him guilty of conspiring to distribute marijuana.

*Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), held the doctrine of collateral estoppel to be a part of the constitutional guarantee against double jeopardy. Collateral estoppel of course means that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." 397 U.S. at 443, 90 S.Ct. at 1194. The protection of collateral estoppel is an established rule of federal criminal law and extends to prevent redetermination of evidentiary facts as well as ultimate facts. *United States v. Gonzalez*, 548 F.2d 1185 (5th Cir.1977); *Blackburn v. Cross*, 510

F.2d 1014 (5th Cir.1975); *Wingate v. Wainwright,* 464 F.2d 209 (5th Cir.1972).

 When collateral estoppel is raised by a defendant, the court's task is to decipher exactly what facts have been or should be deemed to have been determined at the first trial. *United States v. Gonzalez,* 548 F.2d at 1191; *Adams v. United States,* 287 F.2d 701 (5th Cir.1961). In making such a determination the court should apply "realism and rationality," *Ashe v. Swenson,* 397 U.S. at 444, 90 S.Ct. at 1194, and its inquiry "must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings." *Sealfon v. United States,* 332 U.S. 575, 579, 68 S.Ct. 237, 239, 92 L.Ed. 180 (1948). The doctrine of collateral estoppel precludes the subsequent prosecution only if the jury could not rationally have based its verdict on an issue other than the one the defendant seeks to foreclose. *United States v. Smith,* 470 F.2d 1299, 1301 (5th Cir.1973). When a "fact is not *necessarily* determined in a former trial, the possibility that it may have been does not prevent re-examination of that issue." *Adams v. United States,* 287 F.2d at 705. *See also United States v. Ballard,* 586 F.2d 1060 (5th Cir.1978); *Johnson v. Estelle,* 506 F.2d 347, 350 (5th Cir.1975); *McDonald v. Wainwright,* 493 F.2d 204 (5th Cir.1974).

 This Court noted in *United States v. Mock,* 604 F.2d 336 (5th Cir.1979), that collateral estoppel may operate in two distinct ways. First, it may completely bar a subsequent prosecution where one of the facts necessarily determined in the former trial is an essential element to the conviction the Government now seeks. An example is when an earlier acquittal necessarily places the defendant away from the scene of the crime. *See Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469; *United States v. Kramer,* 289 F.2d 909 (2d Cir. 1961). Second, although the subsequent prosecution may proceed, collateral estoppel operates to bar the introduction or argumentation of certain facts necessarily established in a prior proceeding. *See, e.g., United States v. Nelson,* 599 F.2d 714 (5th Cir. 1979); *Blackburn v. Cross,* 510 F.2d at 1014; *Wingate v. Wainwright,* 464 F.2d at 215.

The issue presented is whether defendant's reprosecution is barred because under the facts of this case any fact necessarily determined in defendant's favor in either of the two former acquittals is an essential element to the conspiracy conviction the Government now seeks.

The jury in the first trial necessarily found that the two guilty defendants knowingly possessed or aided the possession of marijuana. The district judge, who also presided at the first trial, ruled that the record and the evidence in the case made it plain that the jury found that defendant did not have possession of the marijuana and did not aid or abet others in securing its possession. The record shows that it was Smith who arranged for two others to pick up the marijuana after it had been left by the sheriff at a landfill and that they were the ones who actually had possession of the marijuana. The record appears to contain little if any evidence showing that defendant Lee was involved in these arrangements. We think the district court was correct in deciding that the jury probably found that defendant did not have the requisite possession.

 Unlike most other types of conspiracies, conviction of drug conspiracy does not require proof of possession or any other overt act. *United States v. Thomas,* 567 F.2d 638, 641 (5th Cir.1978); *United States v. Palacios,* 556 F.2d 1359, 1364 & n.9 (5th Cir.1977). It is enough if the evidence shows the defendant conspired. Therefore, the determination that defendant did not have possession of the marijuana and did not aid or abet others does not foreclose proof of any element essential to a conviction for conspiracy to distribute marijuana. We held in *United States v. Ballard,* 586 F.2d 1060, that when a person is found guilty of a drug conspiracy but is acquitted of the substantive count, the jury does not necessarily find that the defendant was no longer a member of the conspiracy at the time the substantive offense was committed. Furthermore, since defendant's acquittal was probably based on lack of pos-

session, it cannot be said that any other essential element was *necessarily* decided in defendant's favor in the first trial.

In the RICO trial, the racketeering acts were alleged to be a series of briberies involving former Judge Smith. Defendant was mentioned only in connection with one incident, bribery in connection with the marijuana transaction. The jury was instructed, pursuant to our decision in *United States v. Elliott*, 571 F.2d 880 (5th Cir.1978), that for a person to be convicted as a member of the RICO conspiracy, he had to manifest an agreement to participate in the commission of two or more racketeering acts. In his closing argument, defendant's attorney strenuously urged that his client at most was involved in only one act of bribery, that is, one racketeering act. A reasonable jury could have acquitted defendant on that basis, and the district court was correct in so holding.

■ An acquittal on the ground that defendant conspired to commit only one bribery-racketeering act does not resolve in defendant's favor the elements of a conspiracy to distribute marijuana, not one of the racketeering acts charged. The Government, of course, could not be expected to bring a marijuana conspiracy charge in the RICO trial. At that time the defendant stood convicted of marijuana conspiracy, and only later was that conviction reversed and remanded for a new trial. Therefore, defendant's retrial is not barred by the collateral estoppel principles contained in the Double Jeopardy Clause.

■ Defendant sought to have the district court suppress evidence tending to show the existence of facts necessarily resolved in his favor in the two earlier trials. The district court declined to eliminate the proposed proof in advance of trial. Defendant contends that this was error. In *United States v. Mock*, 604 F.2d 336, we held that a question of the admissibility of evidence arising from the application of collateral estoppel is not an appealable order under *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). We therefore decline to consider the question at this time. As we said in *Mock*, "questions of admissibility are more easily understood in the specific context in which they arise." *Id.* at 339.

Where the application of collateral estoppel determines the manner in which the trial will proceed, its reach and run should be charted with the aid of a complete record.

*Id.*

Defendant claims the district court erred by failing to review the entire record in the RICO trial. The requirements in this situation were stated in *Ashe v. Swenson*, 397 U.S. at 444, 90 S.Ct. at 1194. The Court there said that a court is required to "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter." *Accord, United States v. Ballard*, 586 F.2d 1060; *United States v. Gonzalez*, 548 F.2d 1185; *Wingate v. Wainwright*, 464 F.2d 209.

■ The record shows that the RICO trial lasted four months and generated some 20,000 pages of testimony. The overall RICO conspiracy was alleged to have existed from 1969 to 1977 but the marijuana incident which involved defendant with the conspiracy occurred over a few-month period in 1976. The district judge who acted on defendant's motion was the same judge who presided at the first trial. The Government stipulated that the evidence concerning defendant in the RICO trial was identical to that given in the first trial. The district court's order denying defendant's motion demonstrates that the court examined the indictments, the instructions given to the jury, and the arguments of counsel in both earlier trials, as well as the testimony from the RICO trial to the extent that it related to the participation of defendant in the racketeering conspiracy. The district court also held a hearing on the motion. Under these facts, we think the district court adequately informed itself of the record in both earlier trials to make the determination required, and its failure to read all 20,000 pages of the RICO transcript was not error.

AFFIRMED.