**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Rick DE LA TORRE and Ben Garcia,**
**Defendants-Appellants.**

**No. 80–1348**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit A

March 12, 1981.

Joseph S. Chagra, El Paso, Tex., for De La Torre.

Richard D. Esper, El Paso, Tex., for Garcia.

Jamie C. Boyd, U. S. Atty., LeRoy Morgan Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

Appellants De La Torre and Garcia appealed their convictions for conspiracy to import marijuana. As there was no reversible error committed in the trial court, we affirm their convictions.

De La Torre and Garcia were initially indicted in May of 1978 in a four count indictment charging them and others with conspiracy to import and possess cocaine and marijuana with the intent to distribute. After a jury trial in which appellants took the stand and testified in their own behalf, denying their intentional and knowing involvement in the conspiracy, both were acquitted of three of the counts but convicted of conspiring to import marijuana. This conviction was subsequently reversed by this Court and remanded for a new trial. *United States v. De La Torre*, 605 F.2d 154 (5th Cir. 1979).

Subsequent to De La Torre's conviction for conspiring to import marijuana, he was charged in a five count indictment with perjury, stemming from his testimony at his previous conspiracy trial. After the court consolidated counts 1 and 2, De La Torre was tried on four counts of perjury and was acquitted of two counts and found guilty on two counts. The evidence during the perjury trial was quite similar to that presented at the conspiracy trial. The court imposed concurrent four year sentences on each count of the perjury indictment of which De La Torre was found guilty. De La Torre's perjury conviction was affirmed by this Court. *United States v. De La Torre*, 634 F.2d 792 (5th Cir. 1980).

Pursuant to this Court's remand of the original conspiracy conviction, appellants were retried for conspiracy to import marijuana, the only count on which they were originally convicted. The jury found both defendants guilty and the court imposed a four year sentence and a $5,000 fine on De La Torre, the sentence to run concurrently with the four year sentence De La Torre received for his perjury convictions. The court also imposed a four year sentence on Garcia. This appeal arises from the convictions of De La Torre and Garcia for conspiracy to import marijuana.

### I. Collateral Estoppel

Appellants contend that the trial court improperly allowed the introduction of evidence that was, pursuant to the doctrine of collateral estoppel, barred by De La Torre's acquittals in the perjury trial. At the perjury trial, De La Torre was acquitted of counts 3 and 4, which charged him with perjuring himself when he testified as follows:

### COUNT THREE

\*      \*      \*      \*      \*      \*

Q. Did you at that time or at any other time represent yourself as the financial investor?

A. No, sir. When Mr. Renteria introduced me, he introduced me as his banker, to these two people, and that's the extent of that.

\*      \*      \*      \*      \*      \*

### COUNT FOUR

\*      \*      \*      \*      \*      \*

Q. And you are, of course, denying that you were discussing with Mr. Gross utilizing a small aircraft and having several loads rather than the proposition of Renteria and Halliday just getting a larger aircraft and having one big load?

A. That is completely fictitious.

\* \* \* \* \* \*

De La Torre's motion to suppress evidence relating to these two statements was denied. At trial, the government informant testified tangentially to the financial backer statement and directly to the statement concerning the aircraft.

█ The doctrine of collateral estoppel is one aspect of the protection afforded by the double jeopardy clause. The doctrine prevents an issue of ultimate fact that has been determined by a valid and final judgment from being relitigated between the same parties in any future lawsuit. *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970); *United States v. Lee*, 622 F.2d 787, 789 (5th Cir. 1980). The doctrine affects the introduction of evidentiary facts necessarily determined in a prior lawsuit, as well as reprosecution. *Lee*, 622 F.2d at 789–90; *United States v. Nelson*, 599 F.2d 714, 716–17 (5th Cir. 1979). However, if a "fact is not *necessarily* determined in the former trial, the *possibility* that it *may have been* does not prevent re-examination of that issue." *Adams v. United States*, 287 F.2d 701, 705 (5th Cir. 1961) (emphasis added), *quoted in Lee*, 622 F.2d at 790. Thus, if the jury acquittal on counts 3 and 4 in the perjury trial necessarily established that De La Torre was not a financial investor in the conspiracy and did not discuss the use of small aircraft in transporting the drugs, then evidence relating to these matters was inadmissible.

█ In determining what facts were or should be deemed to have been determined at the perjury trial, this Court's inquiry must be governed by "realism and rationality." *Ashe v. Swenson*, 397 U.S. at 444, 90 S.Ct. at 1194; *Lee*, 622 F.2d at 790. At trial, the government did not introduce evidence that De La Torre represented himself as a financial investor; rather, the evidence showed that such a representation was made by the other co-conspirators and that expense money was repeatedly sought from De La Torre by the other conspirators. Thus, while the jury at the perjury trial may have determined that De La Torre did not perjure himself when he denied personally making the representation that he was the financial backer, they were not required to determine that he actually was not a financial backer in order to return a general verdict of acquittal. Accordingly, since the government's case was not tried on the theory that De La Torre represented himself as a financial investor, the jury's acquittal was not necessarily a determination of De La Torre's role in the conspiracy. The trial court properly ruled that the doctrine of collateral estoppel did not preclude the introduction of evidence concerning De La Torre's role as a financial backer of the drug smuggling operation.

█ With respect to count 4, the convoluted question and the evasive response make it impossible to determine with any certainty the jury's basis for the acquittal. From De La Torre's answer, the jury could have concluded that he was denying that the conversation took place or that he was admitting that the conversation occurred. The acquittal did not necessarily involve a jury determination that De La Torre did not make the statement concerning the aircraft. A reasonable jury could have acquitted De La Torre on count 4 whether or not the conversation took place. As a result, collateral estoppel did not require the exclusion of evidence concerning this conversation from the trial.

## II. Impeachment

De La Torre argues that the trial court abused its discretion by permitting him to be impeached on cross-examination with evidence of his prior conviction for perjury. This evidence was admissible under Fed.R. Evid. 609 for impeachment purposes, despite the pendency of the appeal. De La Torre contends, however, that even if this evidence was admissible and relevant, the

unfair prejudice outweighed the probative value, Fed.R.Evid. 403, because the perjury conviction dealt with the same facts on which he was then testifying.

■ The district court has broad discretion in weighing the probative value against the unfair prejudice. *See United States v. Frick*, 588 F.2d 531, 537 (5th Cir.), *cert. denied*, 441 U.S. 913, 99 S.Ct. 2013, 60 L.Ed.2d 385 (1979). Clearly crimes involving dishonesty, such as perjury, are extremely probative of a witness's credibility. *United States v. Cathey*, 591 F.2d 268, 276 (5th Cir. 1979). Although there is some potential for the introduction of this evidence to result in unfair prejudice as a result of its "capacity . . . to persuade by illegitimate means," 22 C. Wright & K. Graham, Federal Practice & Procedure: Evidence § 5215, at 275 (1978) (footnote omitted), the evidence was introduced solely for impeachment purposes and was highly probative of that issue. Moreover, on cross-examination, the only fact illicited from De La Torre regarding the prior conviction was that he had been recently convicted of perjury. It was on redirect examination that De La Torre's counsel questioned him on the details and established that he had been convicted of perjury for having testified consistently with his testimony in this case. In view of the highly probative nature of the evidence, its limited use, and the government's failure to go behind the conviction, we cannot say that the district court abused its discretion in allowing the introduction of evidence of De La Torre's perjury conviction.

### III.  Severance

■ Appellant Garcia contends that the denial of his motion for severance denied him a fair trial since during the joint trial, his co-defendant De La Torre was impeached with evidence of his prior perjury conviction. Appellants were properly joined co-conspirators since they participated in the same act or series of acts constituting the offense. Where defendants are properly joined, severance is justified when it is necessary to avoid prejudice.

Fed.R.Crim.P. 14. However, the decision to grant or deny a severance is within the discretion of the trial court and will be reversed on appeal only if the refusal of the trial court to grant a severance was a clear abuse of discretion. *United States v. Cuesta*, 597 F.2d 903, 919 (5th Cir.), *cert. denied*, 444 U.S. 964, 100 S.Ct. 451, 62 L.Ed.2d 377 (1979). The burden of establishing an abuse of discretion rests with Garcia here.

■ Generally the introduction of evidence of prior convictions of a co-defendant is insufficient to establish that absent a severance, a defendant will be unable to obtain a fair trial. *United States v. Baldarrama*, 566 F.2d 560, 569 (5th Cir.), *cert. denied*, 439 U.S. 844, 99 S.Ct. 140, 58 L.Ed.2d 145 (1978). *See United States v. Perez*, 489 F.2d 51, 65 (5th Cir. 1973), *cert. denied*, 417 U.S. 945, 94 S.Ct. 3067, 41 L.Ed.2d 664 (1974). That the criminal record of a co-defendant might be prejudicial to a defendant generally does not alone require severance. *Perez*, 489 F.2d at 67. Here, Garcia has failed to carry his burden of proving that De La Torre's impeachment on cross-examination by evidence of his prior perjury conviction was so prejudicial to Garcia that it denied him a fair trial. Consequently, the trial court's refusal to grant a severance was not an abuse of discretion.

### IV.  Extrinsic Evidence

Prior to trial, both defendants sought to prevent the introduction of weapons that had been seized from three co-defendants at the time of their arrest. Neither Garcia nor De La Torre had been charged with possession of or conspiracy to possess these weapons. The trial court permitted the introduction of this evidence.

■ Defendants correctly contend that for evidence of an extrinsic offense to be admissible, it must be relevant to an issue other than defendant's character and its probative value must not be substantially outweighed by its undue prejudice. *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978) (en banc), *cert. denied*, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979).

However, as this Court has previously held, "Evidence of the weapons was admissible as corroborative proof of the existence of the underlying conspiracy. The record shows that the guns were part and parcel of the drug scheme; they were not merely guns the co-defendants happen to be carrying at the time of their arrest." *United States v. De La Torre,* 634 F.2d 792 (5th Cir. 1980). Rather, the guns were partial payment for the drugs and thus were an integral part of the conspiracy. They were admissible, therefore, to show a common plan or scheme under the exception to Fed.R.Evid. 404(b) that when an extrinsic offense is "so linked together in point of time and circumstances with the crime charged that one crime cannot be fully shown without proving the existence of the other, evidence of the extrinsic offense is admissible." *Beechum,* 582 F.2d at 912 n.15. This exception is available when extrinsic evidence is necessary to fully explain the circumstances or setting of the charged crime. In addition, the trial court did not abuse its discretion in determining that the probative value was not substantially outweighed by the prejudicial impact. Accordingly, it was not error for the court to allow the admission of this evidence.

Finally, this Court finds no reversible error in the remainder of appellants' contentions that there was a variance between the allegations in the indictment and the evidence adduced at trial, that the trial court improperly limited appellants' cross-examination of a government witness, and that the prosecutor's closing argument prejudiced appellants' rights. As there was no reversible error in the trial court proceedings, the appellants' convictions are

AFFIRMED.