UNITED STATES of America,
Plaintiff-Appellee,

v.

Grover Lamar LEE, a/k/a "Poss" Lee,
Defendant-Appellant.

No. 81–6010
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 10, 1983.

See also, 5 Cir., 622 F.2d 787.

B. Anderson Mitcham, Tampa, Fla., for defendant-appellant.

Curtis Fallgatter, Jacksonville, Fla., for plaintiff-appellee.

Before HILL, KRAVITCH and HENDERSON, Circuit Judges.

PER CURIAM:

Appellant, Grover Lamar Lee was convicted of conspiracy to distribute marijuana and for using a telephone to facilitate the commission of a conspiracy, in violation of 21 U.S.C. § 843(b) (1976). Appellant appeals this conviction based on three grounds: (1) insufficient evidence, (2) multiple conspiracy and (3) double jeopardy or collateral estoppel. We find appellant's arguments without merit and we affirm for the reasons stated below.

### Prior Proceedings

Appellant was initially indicted in January 1977 on a two count indictment alleging a conspiracy to distribute marijuana and a substantive count alleging distribution. A superceding indictment was subsequently filed in February of 1977 alleging a single count of possession of marijuana with the intent to distribute. In February of 1977, a motion to consolidate count one of the original indictment with count one of the superceding indictment was granted.

Appellant was tried on the consolidated charges in April 1977. The jury found the appellant guilty of the conspiracy count and not guilty of the substantive count of possession with the intent to distribute. Appellant filed a timely notice of appeal. While the appeal was pending in November 1977, appellant was indicted in a racketeering prosecution. The appellant was only charged in Count One of this indictment and was acquitted in July 1978.

Appellant's appeal of the conviction for the conspiracy trial was successful to the extent that his conviction was reversed and

the case was remanded to the district court for a new trial.[1]

The Government then successfully moved to dismiss the original conspiracy charge and filed another superceding indictment alleging a single count of conspiracy to distribute marijuana. Appellant filed a motion to dismiss raising, among other things, double jeopardy and collateral estoppel claims. The district court denied the appellant's motion and appellant subsequently filed an interlocutory appeal based upon the trial court's denial of his motion.[2]

On November 20, 1979, the Government filed a new and final superceding indictment. The charge alleged conspiracy with the intent to distribute and the use of a telephone to facilitate the commission of the conspiracy. The jury found the appellant guilty on both counts, and the appellant presently appeals this conviction.

## FACTS

Appellant Lee was an investigator for the Public Defender's Office of Suwannee County, Florida. Lee and Sheriff Leonard of Suwannee County had been friends since childhood and frequently exchanged information regarding each other's business needs. Appellant because of their friendship was aware of when Sheriff Leonard would be impounding large amounts of marijuana due to recent confiscations.

In June of 1976 the appellant approached Sheriff Leonard with an idea about taking the impounded marijuana and selling it for profit. Appellant informed Sheriff Leonard that Judge Smith of the local circuit court would be willing to take some of the impounded marijuana "off [Sheriff Leonard's] hands." The judge would issue a destruction order which would create an illusion of legality and instead of destroying the marijuana, the Sheriff would deliver it to the judge, who would in turn sell it. Sheriff Leonard told the appellant he would

think about it. Sheriff Leonard then contacted FBI agent Ramsey and informed him of the proposed conspiracy.

Sheriff Leonard allowed Agent Ramsey to connect a recording device to his phone while Sheriff Leonard called Judge Smith and informed him that he was ready to go through with the deal. The arrangements were made and on September 15, 1976, appellant Lee arrived at the back of the jail in his pickup truck. Lee had a paper rolled up in his hand and when he saw Sheriff Leonard step out the back door he said "I have it." What he had was never identified. Sheriff Leonard told Lee that he wasn't going through with the deal and Lee responded, "I don't blame you, but you ought to catch them all." Lee then left and did not contact Sheriff Leonard again. Eventually, in November 1976, the deal did go down and Judge Smith and the appellant were arrested.

### I.

■ The appellant asserts that there was insufficient evidence to demonstrate that he was a knowing participant in a conspiracy and that in any event he had withdrawn from the conspiracy by September 15, 1976. The appropriate standard of review in criminal cases requires this court to view the evidence in a light most favorable to the Government, with all reasonable inferences drawn therefrom. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Marx,* 635 F.2d 436, 438 (5th Cir.1981). When a claim of insufficient evidence is raised on appeal the applicable principle is whether "a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *United States v. Bell,* 678 F.2d 547, 549 (5th Cir.1982).

■ The evidence presented in this case demonstrates that appellant was well aware of the conspiracy to obtain the impounded

---

1. *United States v. Smith,* 588 F.2d 111 (5th Cir.), *modified,* 594 F.2d 1084 (5th Cir.1979). The conviction was reversed due to an erroneous conspiracy instruction by the trial judge

that directed the jury to consider both defendants together, rather than individually.

2. *United States v. Lee,* 622 F.2d 787 (5th Cir. 1980).

marijuana for Judge Smith. The appellant approached Sheriff Leonard and informed him of the potential drug deal. If a person knows of a conspiracy and he or she intentionally takes steps to further the conspiracy then culpability is established. *Direct Sales Company v. United States,* 319 U.S. 703, 63 S.Ct. 1265, 87 L.Ed. 1674 (1943); *United States v. Becker,* 569 F.2d 951 (5th Cir.1978).

■ The government presented considerable evidence demonstrating the appellant's knowledge and participation in the conspiracy. Further, the government recorded thirty-five phone calls from the appellant to Judge Smith during the conspiratorial period. Although appellant was not actively involved in meetings or present when the drug deal was consummated, his involvement in the conspiracy was substantial. It is not necessary that the government prove that the appellant knew every essential detail or participated in every stage of the conspiracy. The government need only show that the appellant knew of the conspiratorial goal and that he voluntarily participated in helping to accomplish the goal. *United States v. Gianni,* 678 F.2d 956 (11th Cir.1982); *United States v. Watson,* 669 F.2d 1374 (11th Cir.1982); *United States v. Davis,* 666 F.2d 195 (11th Cir.1982).

■ Drawing all reasonable inferences and viewing the evidence in a light most favorable to the Government, there was sufficient evidence to allow a reasonable trier of fact to conclude that appellant was guilty of conspiracy beyond a reasonable doubt.

■ Appellant also argues that after September 15, 1976, he no longer participated in or had knowledge of any conspiracy. He further suggests that his statement "you ought to catch them all" demonstrates his withdrawal from the conspiracy. To establish withdrawal from a conspiracy the appellant needed to demonstrate that he took an affirmative action to defeat or disavow its purpose. *United States v. Diaz,* 662 F.2d 713, 716 (11th Cir.1981); *United States v. Martino,* 648 F.2d 367, 393 (5th

Cir.1981). The burden of proving withdrawal rests with the defendant. *United States v. Killian,* 639 F.2d 206, 209 (5th Cir.1981). The appellant chose not to assert a withdrawal defense at trial, and requested no instruction to the jury on withdrawal. It is only here on appeal that the appellant makes this argument. Because this defense was not raised or proved at trial, appellant has not carried his burden and we find his argument without merit.

## II.

■ Appellant further argues that the indictment was at variance with the jury instructions. The indictment alleged a single conspiracy, yet instructions on multiple conspiracy were given to the jury. Additionally, the appellant contends that because of his withdrawal on September 15, 1976, any evidence admitted involving any illegalities beyond that date were inadmissible. Whether there exists more than one conspiracy is a question of fact for the jury. *United States v. James,* 590 F.2d 575 (5th Cir.1979); *United States v. Vicars,* 467 F.2d 452 (5th Cir.1972). In a conspiracy case this court reviews the record to determine whether the evidence was sufficient to sustain the jury's finding of a single conspiracy. *United States v. Baldarrama,* 566 F.2d 560 (5th Cir.1978). The government alleged and proved a single conspiracy. The appellant now attempts to demonstrate his withdrawal from the conspiracy on September 15, 1976, but only to help prove that he was *never* a member of the conspiracy. The withdrawal defense was never truly asserted at trial. Even if this defense was heavily pursued at the trial level, the Government presented sufficient evidence to demonstrate that appellant had actively participated in the conspiracy through November.

■ The principal factors involved in determining whether there has been a prejudicial variance between an allegation of a single conspiracy and proof at trial of multiple conspiracy are the "existence of a common goal, the nature of the scheme and an overlapping of participants in various dealings." *United States v. Hess,* 691 F.2d 984

at 988 (11th Cir.1982); *United States v. Tilton,* 610 F.2d 302, 307 (5th Cir.1980). Appellant and Judge Smith had the common goal of attempting to obtain illegally, marijuana which had been impounded in Sheriff Leonard's jail. There was much testimony at trial demonstrating both Smith and Lee's desire to make "quick money" and to retire early. Even after appellant made his statement "you ought to catch them all," he continued to be in frequent contact with Judge Smith.

█ It was not the Government who attempted to show multiple conspiracy, but rather the appellant. The appellant put forth evidence attempting to convince the jury that because he did not actively participate in the conspiracy after September 15, 1976, he also had not participated prior to that point in time. Apparently, this argument was unsuccessful at persuading the jury of appellant's innocence. We conclude that no variance existed between the Government's indictment and the evidence presented at trial.

### III.

█ Finally, appellant argues that because of his previous indictment and the RICO trial, this trial put him in double jeopardy or in the alternative the trial was barred by collateral estoppel. This issue has been resolved in *United States v. Lee,* 622 F.2d 787 (5th Cir.1980). After appellant appealed his first trial he was indicted on a RICO violation. He was found innocent of this charge. After the RICO trial and after his original conviction was reversed and a new trial was granted, appellant raised the identical double jeopardy and collateral estoppel claims that he now presents to this court. The court in *Lee* denied appellant's motion to dismiss and found his claims without merit. We support their finding. Because the identical issues were raised and litigated in a prior adjudication, the appellant is now barred from relitigation under the principle of *res judicata. Steele v. United States,* 267 U.S. 505, 507, 45 S.Ct. 417, 418, 69 L.Ed. 761 (1925); *Ray v. Tennessee Valley Authority,* 677 F.2d 818 (11th Cir.1982).

Because we find no merit to appellant's arguments, the conviction shall stand.

AFFIRMED.