UNITED STATES of America,
Plaintiff-Appellee,

v.

Rex J. PRICE, Defendant-Appellant.

No. 84–1445.

United States Court of Appeals,
Fifth Circuit.

Jan. 2, 1985.

Rehearing and Rehearing En Banc
Denied Feb. 11, 1985.

William F. Billings, Dallas, Tex., for defendant-appellant.

James A. Rolfe, U.S. Atty., Jack C. Williamson, Asst. U.S. Atty., Dallas, Tex., for plaintiff-appellee.

Before GEE, WILLIAMS and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

This second appeal after a second conviction presents the issue of whether the doctrine of collateral estoppel applies to the

facts of this case to bar retrial. In the first trial, Rex Price, a former employee of the Army Air Force Exchange Service (AAFES), was indicted on three counts: conspiracy to obtain gratuities, making false statements before the grand jury, and income tax evasion. The first jury acquitted Price of the latter two counts, but convicted him on the conspiracy count. On appeal of the first conviction, we reversed Price's conviction because the testimony of an Internal Revenue Service agent improperly bolstered the credibility of other witnesses, and we remanded for a new trial. *United States v. Price*, 722 F.2d 88 (5th Cir.1983).

Pursuant to our remand, Price was retried for conspiracy to obtain gratuities. The jury again found Price guilty on a superseding indictment limited to the conspiracy charge in violation of 18 U.S.C. 201(g). He was convicted and sentenced to a maximum prison term of five years and a $5,000 fine. Price has appealed this second conspiracy conviction, arguing that under the doctrine of collateral estoppel, the trial court improperly permitted the introduction of evidence which should have been barred as a result of his acquittal of the perjury and tax evasion charges. We reject Price's arguments, and affirm the district court.

## I.

At the initial trial, the conspiracy case was based principally on the testimony of Naar, Mazziotti and Goodman, three individuals who owned a company that sold toys to the AAFES. Each of the three testified that he paid cash to Price to remain in his favor and had paid for several of his dinners. Mr. Ylda, a former AAFES employee, also testified that he had given Price half a $1,000 payment he had received from a supplier and told Price that, in return for his favors, he could receive appliances free of charge from another AAFES supplier. All four of the witnesses testified at the first and second trials.

At the first trial, one of the allegations of perjury was that Price had falsely declared that he had never received anything of value from Mr. Ylda, and did not receive any cash payments. Another allegation of perjury was that Price falsely declared that he had no knowledge of any AAFES employees receiving money or anything of value from the toy manufacturers. The income tax evasion charge was based on Price's failure to report the bribes he allegedly received as income.

The elements of perjury are that the statement must be false, material and made with knowledge of its falsity. 18 U.S.C. § 1623; *United States v. Dudley*, 581 F.2d 1193 (5th Cir.1978). The elements of income tax evasion are that an additional tax is due and owing, an attempt is made to evade or defeat such tax, and the attempt is willful. *Sansone v. United States*, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965); *United States v. Dwoskin*, 644 F.2d 418 (5th Cir.1981). The elements of the third offense with which Price was charged, conspiracy to violate section 201, require proof that the conspiracy existed, that the accused knew it existed and with that knowledge, voluntarily joined it, and that one of the conspirators performed an overt act in furtherance of the conspiracy. *See United States v. Wieschenberg*, 604 F.2d 326 (5th Cir.1979); *United States v. Barrentine*, 591 F.2d 1069 (5th Cir.1979). Thus, some evidence admitted to prove the necessary elements of one offense established the necessary elements of the other offenses. For example, evidence that Price received illegal kickbacks would tend to prove not only a violation of section 201 but perjury as well, since he denied receiving funds before the grand jury. That fact would also prove evasion of income tax, since he never reported illegal kickbacks as income.

Ylda and the three representatives of the toy manufacturer testified at the second trial that they made cash payments to Price at his requests, and the toy manufacturer's representatives testified that they paid for several of Price's dinners. On appeal, Price argues that the testimony of these witnesses should have been barred in the second trial under the doctrine of collateral

estoppel since the first jury in its two acquittals necessarily must have found that he had not received any illegal kickback, and had no knowledge that the other employees were engaging in such activity. We must decide, therefore, whether the doctrine of collateral estoppel applies to bar the introduction of evidence in the second trial when an arguably inconsistent verdict is rendered in the first trial. We hold that the doctrine has no application in this case.

## II.

■ It has long been recognized that criminal juries in the United States are free to render "not guilty" verdicts resulting from compromise, confusion, mistake, leniency or other legally and logically irrelevant factors. *Dunn v. United States*, 284 U.S. 390, 393–94, 52 S.Ct. 189, 190–91, 76 L.Ed. 356 (1932). Consequently, an acquittal is not necessarily to be taken as the equivalent of a factual finding of innocence; nor does it necessarily reflect a failure of proof on the part of the prosecution. *United States v. Espinosa-Cerpa*, 630 F.2d 328 (5th Cir.1980). It is for these reasons that a conviction cannot be set aside merely because it is inconsistent with other findings of the jury verdict. *Harris v. Rivera*, 454 U.S. 339, 102 S.Ct. 460, 70 L.Ed.2d 530 (1981). We consider each count in a multi-count verdict separately, and a guilty verdict upon any count may stand, notwithstanding its inconsistency, provided it is supported by substantial evidence. *United States v. Varkonyi*, 611 F.2d 84 (5th Cir.1980).

■ The application of this rule becomes less clear when it is considered with the doctrine of collateral estoppel on retrial. The doctrine of collateral estoppel is one aspect of the protection afforded by the double jeopardy clause. The doctrine prevents an issue of ultimate fact that has been determined by a valid and final judgment from being relitigated between the same parties in any future lawsuit. *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970); *United States v. Lee*, 622 F.2d 787, 789 (5th Cir.1980). Even though the doctrine affects the introduction of evidentiary facts necessarily determined in a prior lawsuit, *United States v. De La Torre*, 639 F.2d 245 (5th Cir.1981), it does not prevent re-examination of an issue that is not necessarily determined in the former trial. *Adams v. United States*, 287 F.2d 701 (5th Cir.1961).

■ Ylda testified at the second trial that a $1,000 illegal payment had been shared between him and Price and that other bribes had been discussed with him. The three manufacturers' representatives also testified at the second trial, *inter alia*, that Price had requested illegal bribes, and that such payments were made to him. Price argues that the first jury, in acquitting him on the perjury charge, necessarily must have determined that he had no knowledge of the activities of other AAFES employees and that he had not received any illegal kickbacks. He also argues that by his acquittal the jury found that Ylda and the manufacturers' representatives were not credible. Having made these determinations in the first trial, Price argues that collateral estoppel precludes the admission of their testimony.

Price's arguments that the evidence is inadmissible on retrial would be more convincing had the first jury simply mistried rather than having convicted him of the conspiracy charge. The first jury by its conviction, however, necessarily found him culpable and resolved factual issues adversely to him. His conviction of conspiracy indicates that while the testimony of Ylda and the other three *may* have been rejected by the first jury for purposes of the perjury and tax evasion charges—possibly as a result of error, misunderstanding or compromise,—it was not rejected as it related to the conspiracy charge. The testimony of these four witnesses at the second trial was not introduced to create a climate of illegal activity, but was introduced solely to prove conspiracy, and the evidence was relevant for this purpose; no evidence was introduced that was relevant *only* to prove an income tax evasion or

perjury charge. Counsel for Price conceded this point at oral argument.

Finally, we address Price's contention that his case is analogous to *United States v. Mespoulede*, 597 F.2d 329 (2d Cir.1979). In *Mespoulede*, the defendant was charged in a two-count indictment with conspiracy to distribute cocaine, and with possession of cocaine with an intent to distribute it. The jury acquitted Mespoulede of the possession count, but failed to reach a verdict on the conspiracy count. On retrial, the trial court allowed the prosecution to introduce evidence that he had possessed cocaine, stating that the evidence of possession, when considered with other evidence, was probative of his participation in the conspiracy. The Second Circuit reversed, finding that collateral estoppel precluded the introduction of any evidence of possession, since the jury necessarily decided the possession issue in his favor. The court's position was that it would place an unjust burden on a defendant to require him to relitigate the very issue a jury decided in his favor, and the introduction of such evidence would subject the defendant to a second risk of conviction for his actions.

Our case is distinguishable from *Mespoulede*. An overriding distinction is that here no evidence *necessarily* found in Price's favor was introduced in the second trial. Second, Price, unlike Mespoulede, had been convicted for the offense for which he was retried. *See Mespoulede* at 337 n. 13. The conviction in Price's first trial simply meant that the jury returned an inconsistent verdict—valid and supportable—and hence the acquittals as to the other counts are not to be read as a finding of fact favorable to Price on testimony which overlapped each count. In *Mespoulede* the jury returned no verdict of conviction on the conspiracy count, but only a verdict of acquittal on the substantive count. Finally, the evidence that Mespoulede was in possession of drugs was received as merely probative of the crime of conspiracy; hence the importance of the evidence was not sufficient to balance against the equities in favor of fairness to the defendant. Here, Price's acceptance of the cash payments and gratuitous dinners was the crux of the prosecution on the conspiracy count at the first trial and on retrial.

## III.

Our holding recognizes that reconciling inconsistent verdicts with the doctrine of collateral estoppel is best approached on a case-by-case basis, and that our approach should be one based on realism and rationality. We are guided by the general principle that collateral estoppel ordinarily does not apply when the offense on retrial is the same offense on which the defendant was convicted in the first trial. The underlying purpose of collateral estoppel is to "protect a man who has been *acquitted* from having to 'run the gauntlet' a second time." *Ashe v. Swenson*, 397 U.S. at 446, 90 S.Ct. at 1195. (Emphasis added.) Here there was no acquittal on the conspiracy count. We hold therefore that because Price was convicted of conspiracy in the first trial, collateral estoppel does not bar the introduction of evidence in the second trial which directly supports the conspiracy, even though the same evidence was offered in the first trial in support of the perjury and tax evasion counts. Accordingly, the district court is

AFFIRMED.