[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11975

Non-Argument Calendar

_____

ELIEZER TAVERAS,

Plaintiff-Appellant,

*versus*

US BANK NATIONAL ASSOCIATION,
US BANK NATIONAL ASSOCIATION,
as Trustee for the GSAMP Trust 2006-HE6 Mortgage
Pass-Through Certificates, Series 2006-HE6,
OCWEN LOAN SERVICING, LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-21134-RNS

_____

Before BRANCH, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

This case is plaintiff-appellant Eliezer Taveras's third attempt to reverse foreclosure and repossession proceedings on real property he owned in Florida.  The district court rejected Taveras's arguments that the defendants had improperly removed the suit to federal court and dismissed the action for claim-splitting. Taveras argues on appeal that (1) the defendants improperly removed the suit to federal court, (2) the district court lacked jurisdiction because of the *Rooker-Feldman* doctrine, and (3) the district court erred in dismissing the complaint for claim-splitting. After review, we conclude that the district court had jurisdiction, and we affirm the district court's order dismissing this case for the alternative reason that Taveras's claims are barred by *res judicata*.

## I.      Background

### A.  *The Purchase and Foreclosure*

In 2006, an individual named Maria Sanchez purchased real property in Florida, taking out a mortgage on the property with Ownit Mortgage Solutions, Inc.  Sanchez eventually defaulted on the loan, and so defendant-appellee U.S. Bank National Association (by then the successor-in-interest to Ownit) commenced

foreclosure efforts in 2007. These foreclosure efforts apparently continued for years without success because, in 2014, Sanchez transferred the property to Taveras, as the Trustee of his family's trust.

U.S. Bank eventually filed another foreclosure action, this time against Taveras as trustee (and various other interested parties) in 2017. In 2018, Taveras entered into a settlement agreement with U.S. Bank. The settlement consisted of the following key terms:

> (1) Taveras consented to the entry of a consent final judgment of foreclosure;
>
> (2) Taveras agreed to a judicial sale of the property; and
>
> (3) Taveras released U.S. Bank, Ocwen Loan Servicing (the company that assigned U.S. Bank the mortgage), and their successors/assigns from any related claims.

The Florida state court entered judgment to that effect. U.S. Bank bought the property at a judicial sale in January 2019.[1]

B. *The Parties' Prior Litigation*

Taveras, apparently unhappy with the settlement agreement, sought post-judgment relief from the consent judgment on the foreclosure and sale in May 2019 from the Florida

---

[1] We note that, after the January 2019 judicial sale, Taveras (as trustee) purported to transfer the property to himself in his individual capacity.

state courts.  The state court denied relief and Taveras appealed, but then he later voluntarily dismissed the appeal on August 12, 2019.

Just before Taveras dismissed his appeal in that state court case, however, he filed a lawsuit in the U.S. District Court for the Southern District of Florida ("*Taveras I*") against U.S. Bank and Ocwen Loan Servicing.  In relevant part, Taveras argued that U.S. Bank and Ocwen improperly induced him to sign the 2018 consent judgment and that the assignment of the mortgage from Ocwen to U.S. Bank was fraudulent; he therefore sought a declaratory judgment that the 2018 consent judgment was void.   The district court dismissed Taveras's fraud claims as barred by *res judicata* in connection with the state foreclosure proceedings on December 3, 2019.  *Taveras v. Ocwen Loan Servicing*, LLC, No. 19-cv-23358, 2019 WL 6497367 (S.D. Fla. Dec. 3, 2019).

About two years later, Taveras filed a second federal suit against U.S. Bank and Ocwen ("*Taveras II*").  This second suit asserted nine causes of action but, once again, the core claims were that (1) U.S. Bank and Ocwen had deceived him into signing the 2018 consent judgment and (2) the assignment of the mortgage from Ocwen to U.S. Bank was fraudulent.  But, this time, Taveras further asserted that the State Court lacked jurisdiction and he therefore had a "right to have the [consent final judgment] declared null and void *ab initio*."  The district court granted the defendant-appellees' motion to dismiss, concluding that the *Rooker-Feldman*

22-11975                Opinion of the Court                5

doctrine barred Taveras's claims.[2]  The district court also denied Taveras's motion to amend his complaint to add federal claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and a request for injunctive relief.  Taveras sought reconsideration, which was denied on May 10, 2021.  He did not appeal.

Meanwhile, Ocwen and U.S. Bank moved in the Florida state court for a writ of possession on the real property.[3]  The state court granted the writ.  Taveras, in addition to some other maneuvering not pertinent here, sought discretionary review[4] of

---

[2] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), formed the *Rooker-Feldman* doctrine, which precludes federal courts from reviewing state court judgments.

[3] While briefing was ongoing in this case, we granted a motion by U.S. Bank and Ocwen to take judicial notice of documents filed in the state and federal cases preceding this lawsuit.

Now, Taveras asks us to take judicial notice of three documents from the state court proceedings and two documents from *Taveras II*.  These documents are relevant to the procedural history in the litigation related to this case, and so we **GRANT** the motion for the limited purpose of taking notice of what they purport to argue and hold.  *See Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013); *see also Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC.*, 369 F.3d 1197, 1204 (11th Cir. 2004) (explaining that a court may take judicial notice of a fact "relevant to a determination of the claims presented in [a] case" if it is not subject to reasonable dispute and it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned (citing Fed. R. Evid. 201)).

[4] Taveras denies initiating that review—a point we address in reviewing the preclusive effect that the prior litigation has in this case. *See* below at n.7.

the state court's order granting the writ of possession before the Florida Supreme Court on April 5, 2022—but the Florida Supreme Court denied his petition on May 18, 2022. *Taveras v. U.S. Bank, N.A.*, No. SC2022-0442, (Fla. May 18, 2022).

### C.  *This Lawsuit*

Before he filed the petition with the Florida Supreme Court, Taveras filed a *third* lawsuit—this lawsuit—against U.S. Bank and Ocwen in Florida state court.  In his complaint, Taveras asserted federal RICO claims and reiterated his claims of fraud under Florida law related to the consent judgment.  Once more, he asserted (among other things) that the state court lacked jurisdiction throughout the foreclosure proceedings for various reasons, including when it issued the writ of possession.

U.S. Bank and Ocwen removed the case to federal court, relying on Taveras's assertion of federal RICO claims.  They then moved to dismiss, arguing in relevant part that (1) the district court lacked jurisdiction under the *Rooker-Feldman* doctrine; (2) *res judicata* barred Taveras's claims; (3) Taveras had released all his claims against them in the settlement agreement, and (4) Taveras failed to state a claim upon which relief could be granted.

Taveras responded by asking the district court to hold the defendants and their attorneys in contempt for "fraud on the court."  He sought civil and criminal contempt sanctions against the parties because, according to Taveras, they essentially conspired to manipulate the system by removing the case to federal court to strip the court of jurisdiction and avoid having the case

heard on the merits. Relatedly, he also moved to remand the case back to state court because removal was part of the defendants' "fraudulent scheme" to obstruct the administration of justice.

The district court concluded that removal was proper and that it had subject matter jurisdiction over Taveras's claims. Thus, the district court denied Taveras's motions for contempt and remand as "wholly meritless."

The district court also, *sua sponte*, concluded that Taveras's claims had to be dismissed because he had engaged in improper claim-splitting.[5] The case involved the same parties as Taveras's previous federal cases, the district court noted, and arose out of the same nucleus of operative facts. And, despite any variation in Taveras's claims, Taveras (like in his previous cases) "attempt[ed]

---

[5] The claim-splitting rule is an offshoot of claim preclusion principles, based on the notion that "related claims must be brought in a single cause of action." *Vanover v. NCO Fin. Servs.,* 857 F.3d 833, 840–41 (11th Cir. 2017) ("The rule against claim-splitting requires a plaintiff to assert all its causes of action arising from a common set of facts in one lawsuit. By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste 'scarce judicial resources' and undermine 'the efficient and comprehensive disposition of cases.'" (quoting *Katz v. Gerardi,* 655 F.3d 1212, 1214 (10th Cir. 2011)); *cf. Dietz v. Bouldin,* 579 U.S. 40, 45 (2016) (district courts possess "inherent powers that are not governed by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"). The claim-splitting rule thus "ensures that a plaintiff may not split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fails." *Vanover,* 857 F.3d at 841 (quotation omitted).

to avoid the consent final judgment, entered in state court, by claiming that . . . the state court lacked jurisdiction, that the assignment of mortgage in favor of U.S. Bank was fraudulent, and that U.S. Bank and Ocwen had . . . deceived him in order to obtain the consent final judgment." Accordingly, the district court concluded that Taveras engaged in improper claim-splitting when he filed this duplicative action, and it dismissed the case with prejudice. Taveras then filed a motion for reconsideration, requesting that the court vacate the dismissal because the action was improperly removed to federal court, and the court lacked jurisdiction under the *Rooker-Feldman* doctrine. The district court denied the motion.

Taveras timely appealed.

## II.    Standards of Review

This case involves three standards of review.

First, we review jurisdictional determinations *de novo*. *United States v. Weiss*, 467 F.3d 1300, 1307 (11th Cir. 2006). In conducting this review, we may look beyond the allegations of the complaint to ascertain our jurisdiction. *See McElmurray v. Consolidated Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). Thus, we may consider exhibits attached to the complaint, *McElmurray,* 501 F.3d at 1251–54, and matters of which we have taken judicial notice, *see Lozman,* 713 F.3d at 1075 n.9.

Second, we review a district court's decision to dismiss a complaint for claim-splitting only for abuse of discretion. *Vanover,* 857 F.3d at 837.

And third, because we may affirm on any basis supported by the record, *Club Madonna, Inc. v. City of Miami Beach*, 924 F.3d 1370, 1378 (11th Cir. 2019), we review questions of *res judicata de novo*. *See Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).

### III.    Discussion

Taveras argues on appeal that the district court erred in dismissing his complaint for claim-splitting.    His first two arguments contend that the dismissal was improper because the district court never had jurisdiction in the first place.  But even if the district court had jurisdiction, he argues, we must still reverse the district court because it misapplied the claim-splitting rule. We address each argument in turn.[6]

---

[6] Taveras also requests that we strike the Appellees' brief on judicial estoppel grounds because he maintains that they have improperly taken inconsistent positions concerning the application of the *Rooker-Feldman* doctrine. Even assuming Taveras is correct that the Appellees' positions taken in the course of these cases are inconsistent, there would be little point in judicially estopping the appellees on the *Rooker-Feldman* issue here.  On the one hand, judicial estoppel is a discretionary tool.  *See Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1180–81 (11th Cir. 2017).    And on the other, this Court has an independent obligation to assess jurisdictional issues like *Rooker-Feldman*— regardless of whether the Appellees are in a position to argue them.  *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir.1999) ("[P]arties cannot waive subject matter jurisdiction, and we may consider subject matter jurisdiction claims at any time during litigation."); *In re S.W. Bell Tel. Co.*, 535 F.2d 859, 861 (5th Cir. 1976)* ("Whatever the scope" of judicial estoppel "may be, so far as we have been able to discover[,] it has never been employed to prevent a party from taking advantage of a federal forum when he otherwise meets the statutory requirements of federal jurisdiction . . . . A district court has no authority to negate that right simply because such a person has not observed the

### A. *The district court had subject matter jurisdiction.*

Taveras first argues that the district court should not have dismissed his complaint for claim-splitting because the court did not have jurisdiction and the case was therefore improperly removed in the first place.  But his complaint alleged that U.S. Bank and Ocwen violated the federal RICO statute.  *See* 18 U.S.C. § 1961.  That federal claim gave the district court original subject matter jurisdiction, *see* 28 U.S.C. § 1331, and the case was therefore removable, *see* 28 U.S.C. §§ 1441(a), (c) (providing that generally "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court," and this includes civil actions that contain both federal and state law claims).

Taveras's only argument to the contrary rests on the view that a case is only removable if the federal courts have "exclusive jurisdiction" over the claims at issue.  Taveras's argument, however, is foreclosed by the removal statute.  *See* 28 U.S.C. § 1441(a), (c).

---

consistency in pleading that the forum state may demand.  Judicial estoppel cannot conclusively establish jurisdictional facts."), *affirmed en banc by In re S.W. Bell Tel. Co.*, 542 F.2d 297, 298 (5th Cir. 1976), *vacated on other grounds by Gravitt v. S.W. Bell Tel. Co.*, 430 U.S. 723, 724 (1977); *see also Bonner v. City of Pritchard, Ala.* 661 F.2d 1206 (11th Cir. 1981) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).  In short, there is no sound reason to judicially estop the Appellees from arguing an issue related to subject matter jurisdiction.  We therefore exercise our discretion to **DENY** the motion to strike.

Thus, we agree with the district court that removal was proper because it had federal question jurisdiction over this case.

### B. The Rooker-Feldman *doctrine did not deprive the district court of jurisdiction.*

Taveras's other jurisdictional argument is that the *Rooker-Feldman* doctrine "strip[ped the district] court of jurisdiction over" his complaint, referencing the district court's prior conclusion in *Taveras II* that it lacked jurisdiction under *Rooker-Feldman*. We disagree.

The *Rooker-Feldman* doctrine bars federal district courts from reviewing or effectively reviewing state-court decisions, since lower federal courts lack subject matter jurisdiction over final state-court judgments. *Behr v. Cambell*, 8 F.4th 1206, 1208 (11th Cir. 2021). It applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). For the doctrine to apply, the complained-of injuries must be caused by the judgment itself. *Behr*, 8 F.4th at 1212. Indeed, it is a prerequisite that the federal action must be filed after the state proceedings have ended. *Nicholson v. Shafe*, 558 F.3d 1266, 1277–78 (11th Cir. 2009).

Taveras's claims here are not barred by the *Rooker-Feldman* doctrine because his state court proceedings were still pending at the time the case was removed to federal court. *Id.* Specifically,

Taveras filed this complaint in state court on February 22, 2022, asserting (among other things) that the state court lacked jurisdiction throughout the proceedings, including when it issued the writ of possession. The action was removed to federal court on April 13, 2022. Yet the Florida Supreme Court did not deny Taveras's petition for review of the order granting the writ of possession until more than a month later, on May 18, 2022. *Taveras v. U.S. Bank*, *N.A.*, No. SC22-442 (Fla. May 18, 2022).[7] So, with that petition for review still pending, the state proceedings had not ended—and Taveras's injuries could not have been caused by *the judgment itself*. *Nicholson,* 558 F.3d at 1275–76 ("[W]e agree with our sister circuits . . . that state proceedings have not ended for purposes of *Rooker–Feldman* when an appeal from the state court

---

[7] Taveras insists, on reply, that the *Rooker-Feldman* still applies because he "did not cause the 'petition' for review," pointing to two documents (and we have taken judicial notice of both): (1) an email he wrote to the Appellees' counsel, saying that he was appealing to the U.S. Supreme Court, not the Florida Supreme Court, and (2) a notice he filed in the Florida Supreme Court in which he states that he had not sought review in that court, but was instead planning to seek review from the U.S. Supreme Court.

Taveras even goes so far as to accuse the Appellees of fraudulently causing that petition to be filed, precisely for the purpose of engineering the conclusion that the *Rooker-Feldman* doctrine does not defeat our jurisdiction because state proceedings were still pending when this suit commenced. Taveras does not point to any evidence for that claim—and we are skeptical of it, not least because the Appellees here argued to the district court that *Rooker-Feldman* in fact *did* thwart its jurisdiction.

Regardless, it does not matter. Whatever the reason, the proceedings were still ongoing until the Florida Supreme Court denied the petition.

judgment remains pending at the time the plaintiff commences the federal court action.").[8]

Thus, the district court correctly concluded that it did not lack subject matter jurisdiction under the *Rooker-Feldman* doctrine.[9]

### C. *Taveras's claims here are barred by res judicata.*

Finally, Taveras argues that the district court erred in dismissing the action for improper claim-splitting. U.S. Bank and Ocwen disagree but contend as a threshold matter that Taveras

---

[8] Taveras also insists on reply that this logic is mistaken because the ongoing proceedings were related to the writ of possession—not the original foreclosure action. Taveras is incorrect. To begin with, both the foreclosure proceedings and the writ of possession proceedings were part of the same case in the Florida Courts. But even if the difference between foreclosure proceedings and writ of possession proceedings in the same case somehow made a difference, Taveras's complaint in this case also asserted that the Florida state court lacked jurisdiction to issue the writ of possession, as well. Since those proceedings were still ongoing at the time this case was filed and removed—at least some of the injuries alleged in this federal action would not be caused by the foreclosure judgment, and jurisdiction over those claims would therefore not be barred by *Rooker-Feldman.*

[9] Taveras makes a related argument that the district court's order violated his due process rights because it deprived him of an opportunity to be heard. Even assuming Taveras's opening brief was sufficient to preserve this issue, *see Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (explaining that passing references to an argument do not suffice to preserve it), this argument fails because Taveras had notice of and the opportunity to respond to the motion to dismiss below. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985) ("The essential requirements of due process . . . are notice and an opportunity to respond[,]" including an opportunity to "present reasons . . . why [that] proposed action should not be taken[.]").

abandoned any challenge that portion of the district court's order because his brief only addresses the finding that Taveras had split his claims from those he asserted in *Taveras II*—leaving unchallenged the conclusion that he also improperly split his claims from those in *Taveras I*.

We need not resolve that debate, however, because we separately conclude that, even assuming Taveras had preserved the issue and that the district court's claim-splitting analysis was flawed, the district court's order must be affirmed because Taveras's claims are barred by *res judicata*. *See Club Madonna*, 924 F.3d at 1378 (explaining that "we [may] affirm on any basis supported by the record, regardless of whether the district court decided the case on that basis").

*Res judicata* will bar a subsequent action if: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale*, 193 F.3d at 1238. "In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." *Id.* at 1239. "[I]f a case arises out of the same nucleus of operative fact, or is based on the same factual predicate, as a former action, . . . the two cases are really the same 'claim' or 'cause of action' for the purposes of res judicata." *Id.* (quotations omitted). This principle applies to all claims that were or could have been raised in the earlier proceeding. *Id.*

Those elements are all satisfied here. First, the district court issued a final order on the merits in *Taveras I*.  Charles A. Wright & Arthur R. Miller, 18A Federal Practice & Procedure § 4435 (3d ed. August 2023 Update) ("Fittingly, dismissal of a second action on the ground that it is precluded by a prior action is itself effective as res judicata, and a judgment on the merits that forecloses further litigation of the preclusion question in a third action." (citing *United States v. Lee*, 695 F.2d 515, 519 (11th Cir. 1983)).  Second, the U.S. District Court for the Southern District of Florida was a court of competent jurisdiction in *Taveras I*.  *See Ragsdale*, 193 F.3d at 1238. Third, this case involves the same parties as *Taveras I*: Taveras, U.S. Bank, and Ocwen.  Fourth, this case arises out of the same nucleus of operative fact as *Taveras I*.  *Ragsdale*, 193 F.3d at 1238.  Although Taveras based the present action, in part, on a federal RICO claim, which he did not advance in *Taveras I*, and added a claim related to the writ of possession proceedings, both cases involve the same dispute over the foreclosure and repossession of the property, as well as Taveras's attempts to void the final consent judgment entered by the state court.  Indeed, both cases allege malfeasance in inducing Taveras to agree to the consent judgment and both cases assert that the assignment of the mortgage to U.S. Bank was fraudulent.  Thus, both *Taveras I* and this case were based on the same factual predicates, so they both involve essentially the same "claims" or "causes of action" for the purposes of *res judicata*.  *Id*. at 1239.

Thus, any error in the district court's claim-splitting analysis is harmless because his claims are barred by *res judicata*.

## IV.    Conclusion

In sum, we reject Taveras's arguments that the district court lacked jurisdiction, and we affirm the dismissal on *res judicata* grounds.

**AFFIRMED.**