T.C. Memo. 1997-133

UNITED STATES TAX COURT

HAROLD WAPNICK, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 269-94.                    Filed March 13, 1997.

Harold Wapnick, pro se.

Monica E. Koch, for respondent.

MEMORANDUM OPINION

GALE, Judge:  This matter is presently before the Court on respondent's motion for partial summary judgment, in which respondent argues that the conviction of Harold Wapnick (petitioner) under section 7201[1] collaterally estops him from disputing that there is an underpayment of income tax, and that

_____

[1] Section references are to the Internal Revenue Code.  Rule references are to the Tax Court Rules of Practice and Procedure.

some part of the underpayment is due to fraud within the meaning of section 6653(b), for each of the 1985, 1986, and 1987 taxable years. Respondent supports her motion with three exhibits: (1) A grand jury indictment of petitioner, Seth Wapnick, Jon Wapnick and Steven Wolfson, (2) a judgment in a criminal case entered against petitioner by the U.S. District Court for the Eastern District of New York, and (3) the opinion of the U.S. Court of Appeals for the Second Circuit affirming the convictions of petitioner, Seth Wapnick, Jon Wapnick, and Steven Wolfson in the U.S. District Court for the Eastern District of New York.

Petitioner claims that the doctrine of collateral estoppel is inapplicable for the 1985, 1986, and 1987 taxable years because the prior proceedings did not determine the amount of underpayment, the elements for collateral estoppel are not otherwise met, and the facts support an exception to the applicability of collateral estoppel. Thus, the Court must decide whether petitioner is collaterally estoped from disputing that a portion of the deficiencies in his Federal income tax for 1985, 1986, and 1987 was due to fraud within the meaning of section 6653(b) on account of his criminal conviction under section 7201. We hold that he is.

Background

Harold Wapnick filed a Federal income tax return for each of the 1985 and 1986 taxable years, but not for the 1987 taxable year.

By notice of deficiency dated October 21, 1993, respondent determined deficiencies in, and additions to, petitioner's Federal income tax as follows:

| Year | Deficiency | Additions to Tax Sec.6653(b)(1) | Sec.6653(b)(2) | Sec.6661 |
|------|-----------|----------|----------|----------|
| 1985 | $296,275.88 | $155,784.40 | [1] | $74,056.47 |

| Year | Deficiency | Additions to Tax Sec.6653 (b)(1)(A) | Sec.6653 (b)(1)(B) | Sec.6661 |
|------|-----------|----------|----------|----------|
| 1986 | $389,855.00 | $169,812.76 | [1] | $97,463.75 |

| Year | Deficiency | Additions to Tax Sec.6653 (b)(1)(A) | Sec.6653 (b)(1)(B) | Sec.6654 |
|------|-----------|----------|----------|----------|
| 1987 | $387,838.00 | $290,878.50 | [1] | $119.43 |

[1] 50% of the interest due on the portion of the underpayment attributable to fraud.

Petitioner petitioned the Court to redetermine respondent's determination of deficiencies on January 3, 1994, at which time he resided in Brooklyn, New York. Respondent's answer included affirmative allegations that petitioner is liable for additions to tax for fraud under section 6653(b)(1) and (2) for the 1985 taxable year and under section 6653(b)(1)(A) and (B) for the 1986 and 1987 taxable years.

Previously, petitioner was a defendant in the criminal case of United States v. Wapnick, docketed in the U.S. District Court for the Eastern District of New York. The indictment charged, inter alia, that petitioner willfully attempted to evade and defeat Federal income tax due and owing by him for the 1985, 1986, and 1987 taxable years in violation of section 7201. On

July 23, 1993, petitioner was convicted of, inter alia, criminal tax evasion under section 7201 for the 1985, 1986, and 1987 taxable years in the U.S. District Court for the Eastern District of New York. Petitioner's conviction under section 7201 was affirmed by the U.S. Court of Appeals for the Second Circuit on July 10, 1995. Petitioner filed a writ of certiorari with the Supreme Court of the United States, which was denied on June 24, 1996. Petitioner filed a petition for rehearing with the Supreme Court of the United States on July 9, 1996, on which there has been no action to date.

Discussion

Summary judgment may be granted as to all or any part of the legal issues in dispute "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988). The following principles control in disposing of a motion for summary judgment under Rule 121(b): (i) The moving party must show that there is no dispute as to any material fact and that he is entitled to judgment as a matter of law; (ii) the factual materials, and inferences to be drawn from them, must be viewed in a light most favorable to the opposing party; and (iii) the opposing party must set forth specific facts to show there is a genuine issue of

material fact for trial and cannot rest upon mere allegations or denials. Brotman v. Commissioner, 105 T.C. 141, 142 (1995). Moreover, summary judgment may be used to establish matters covered by collateral estoppel. Id.

For 1985, section 6653(b)(1) provides that if any part of an underpayment is due to fraud, there shall be an addition to the tax equal to 50 percent of the underpayment. For 1986 and 1987, section 6653(b)(1)(A) provides for an addition to tax equal to 75 percent of the portion of the underpayment that is attributable to fraud. Section 6653(b)(2)[2] provides that there shall be added to the tax an amount equal to 50 percent of the interest due on the portion of the underpayment attributable to fraud.

Fraud is defined as an intentional wrongdoing with a specific intent to evade a tax believed to be owing. Zell v. Commissioner, 763 F.2d 1139, 1142-1143 (10th Cir. 1985), affg. T.C. Memo. 1984-152. Respondent has the burden of proving by clear and convincing evidence both (i) an underpayment and (ii) that some portion of the underpayment is due to fraud. Sec. 7454(a); Rule 142(b); Parks v. Commissioner, 94 T.C. 654, 660-661 (1990).

As noted, respondent contends that petitioner's prior criminal conviction under section 7201 collaterally estops him from denying that there is an underpayment of income tax for each

---

[2] For 1986 and 1987, sec. 6653(b)(1)(B).

of the 1985, 1986, and 1987 taxable years and that part of such underpayment is due to fraud within the meaning of section 6653(b). We agree. Under the doctrine of collateral estoppel, a judgment in a prior proceeding precludes litigation, in a second proceeding, of issues actually litigated and necessary to the outcome of the first proceeding. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979); Niedringhaus v. Commissioner, 99 T.C. 202, 213 (1992). A criminal conviction under section 7201 based upon a charge of willful attempt to evade tax necessarily involves the ultimate factual determinations necessary for a finding of fraud under section 6653(b); namely, that part of the underpayment for the taxable year in issue was due to fraud. Amos v. Commissioner, 43 T.C. 50, 54-56 (1964), affd. 360 F.2d 358 (4th Cir. 1965). Thus, petitioner is precluded from disputing that part of the underpayment of his income tax is due to fraud for purposes of section 6653(b) for each of the years in issue.

Many of petitioner's arguments appear to be based on the fact that in the prior criminal proceeding the Government did not prove the exact amount of income received by him or the exact amount of tax owed by him. A determination of the amount of the underpayment is not an element for a criminal conviction under section 7201, nor is it a precondition for use of collateral estoppel on the issue of fraud under section 6653(b). Further,

use of the doctrine of collateral estoppel to establish fraud will not preclude the taxpayer from litigating the amounts of the deficiencies at issue in this case.  See, e.g., Fitzpatrick v. Commissioner, T.C. Memo. 1995-548.

Petitioner challenges whether the elements required for application of the doctrine of collateral estoppel have been met. First, petitioner claims that the issues in the criminal proceeding for tax evasion and the subsequent proceeding for civil tax fraud are not identical.  Second, petitioner claims that the issues material to liability for civil tax fraud were not actually litigated or actually decided in the criminal proceeding.  As discussed above, it is well settled that a conviction under section 7201 necessarily involves the ultimate factual determinations necessary for a finding of fraud under section 6653(b).  Amos v. Commissioner, supra at 54-56. Therefore, the foregoing arguments of petitioner are without merit.

Petitioner also argues that an exception to collateral estoppel should apply because he did not have a full and fair opportunity to litigate in the prior proceeding, in that witnesses necessary to his defense did not appear and his counsel was ineffective.  These alleged deficiencies are not of the character to warrant an exception to the application of collateral estoppel.  See Klein v. Commissioner, 880 F.2d 260

(10th Cir. 1989), affg. T.C. Memo. 1984-392; <u>Calcutt v.</u>
<u>Commissioner</u>, 91 T.C. 14, 25 (1988) (evidence which, by due
diligence, could have been produced in the prior proceeding is
considered to have been available at the prior proceeding and
therefore will not preclude the application of collateral
estoppel); see also <u>Schachenmayr v. Commissioner</u>, T.C. Memo.
1991-281, affd. without published opinion sub nom. <u>H & W Motel</u>
<u>Corp. v. Commissioner</u>, 979 F.2d 846 (2d Cir. 1992).  Furthermore,
such alleged defects in the prior proceeding are appropriately
raised on the appeal of that decision.  <u>Lilley v. Commissioner</u>,
T.C. Memo. 1989-602, affd. without published opinion 925 F.2d 417
(3d Cir. 1991).

Finally, petitioner claims that respondent's determinations
are precluded because the 6-year period of limitations has run.
Because there is fraud as to the years 1985, 1986, and 1987
resulting from the application of the doctrine of collateral
estoppel, the period of assessment remains open for such years.
<u>Aslam v. Commissioner</u>, T.C. Memo. 1981-159.

Accordingly, based upon the foregoing,

<u>An appropriate order</u>

<u>will be issued</u>.